IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ROXANNA TITO, | ) |
| | ) |
| | ) 2:20-CV-00761-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVIS ARCHWAY CENTERS FOR | ) |
| ADDICTION TREATMENT, INC., | ) |
| | |
| Defendant, | |

OPINION

Plaintiff, Roxanna Tito, has brought an Americans with Disabilities Act (ADA) discrimination and retaliation claim and Age Discrimination in Employment Act (ADEA) against Defendant, Davis Archway Centers for Addiction Treatment, Inc. (ECF No. 1).

Davis Archway moves for Partial Summary Judgment seeking judgment as a matter of law as to Ms. Tito's ADEA claim.[1]  (ECF No. 10).  The parties provided briefs, concise statements of material facts, and appendices. (ECF Nos. 11-13, 26-28, and 32-33).  The matter is now ripe for decision.

For the following reasons, Davis Archway's Motion for Partial Summary Judgment will be granted.  Ms. Tito's ADEA claim will be dismissed.

I.     Background

Davis Archway employed Ms. Tito from August 13, 2014 until November 20, 2017 as its business manager. (ECF No. 1 at ¶ 9).  Ms. Tito has alleged that Davis Archway fired her

---

[1] Plaintiff's Complaint also included a claim under the Pennsylvania Human Relations Act (PHRA) and Chet Leech as a defendant.  Both the PHRA claim and Mr. Leech were dismissed by stipulation of the parties.  (ECF No. 18).

because of her age and disability. *Id*. at ¶ 21. In her Complaint, Ms. Tito alleged that in 2017, Davis Archway employed more than twenty (20) employees for each working day of the calendar year. *Id*. at ¶ 8. Shortly after it filed an Answer, Davis Archway filed a Motion for Partial Summary Judgment on the basis that, because it did not employ the statutory minimum twenty (20) employees during the relevant time period, it could not be held liable under the ADEA. (ECF No. 10). The parties engaged in bifurcated discovery (ECF No. 21) on the sole issue of whether Davis Archway employed twenty (20) or more individuals "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C.A. § 630(b). In discovery, Davis Archway's records demonstrated that, even accounting for employees provided by a temp agency, it would only meet the criteria under Section 630 if its President, Chet Leech, is considered an employee. (ECF Nos. 12-1 and 33-1).

Chet Leech testified that he maintains a one hundred percent ownership interest, including all stock, to Davis Archway. (ECF No. 28-13 at p. 5). He also serves as its president and CEO. *Id*. and ECF No. 33-3. Mr. Leech testified that his duties as president included overseeing day-to-day operations of the facility, handling contracts, and managing purchases and employees. (ECF No. 28-13 at p. 6). He testified that he did not consider himself an employee. *Id*. at p. 21. In an affidavit, Mr. Leech also asserted as follows:

> 3. I am one of two members of Davis Archway's board of directors. The other member of the Board is my wife, Jessica Leech.
>
> 4. Davis Archway can not (sic) hire or fire me and does not set the rules regarding my work.
>
> 5. Davis Archway does not supervise my work.
>
> 6. I do not report to anyone in the organization.
>
> 7. I have full discretion to make decisions regarding Davis Archway.

>    8.   In my role as President, and sole shareholder, I establish company rules and regulations and made decisions concerning, operations, business development and employee succession of Davis Archway.
>
>    9.   I do not have a contract or any other written agreement regarding my work.

(ECF No. 33-3).

## II.   Standard of Review

Summary judgment may only be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted.  Fed. R. Civ. P. 56(a).  Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor.  *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter; rather, its function is to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998).  The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment.  Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment.  *Liberty Lobby*, 477 U.S. at 248.

III.     Discussion

Davis Archway argues that Ms. Tito's ADEA claim at Count II of her Complaint should be dismissed because Davis Archway is not an "employer" as defined by ADEA.  Specifically, Davis Archway contends that it did not have twenty (20) or more employees during twenty (20) or more weeks of 2017 to qualify as an "employer" under the ADEA.  Ms. Tito maintains that genuine disputes of material fact exists as to whether several individuals, retained through temporary employment agencies (temp agencies), are employees under the ADEA.  She further argues that Chet Leech, the president of Davis Archway, is an employee of Davis Archway.  Therefore, Ms. Tito concludes that Davis Archway had at least twenty (20) employees during twenty-five weeks of 2017 when the individuals retained through temp agencies are added with Mr. Leech.  Davis Archway responds that even counting employees, independent contractors, and temporary employees, as Ms. Tito urges, it did employ 20 or more employees, but for only 15 weeks during 2017. (ECF No. 33-1).  Thus, Davis Archway contends that the dispositive issue is whether Chet Leech is an "employee" under the ADEA.

Section 623(a)(1) of the ADEA provides: "It shall be unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA defines an "employer" as a "person engaged in industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  29 U.S.C. § 630(b). Whether a defendant-employer has 20 or more employees is a substantive element (whether an "employer" exists) of an ADEA claim. *Carr v Borough of Elizabeth*, 121 Fed. Appx. 459 (3d Cir. Feb. 2, 2005); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 84 (3d Cir.

2003).  Where there are no disputed underlying facts, the Court may determine who is an employee and employer under the ADEA as a question of law.  *See Cox v. Master Lock Co.*, 815 F. Supp. 844, 845 (E.D. Pa.), *aff'd*, 14 F.3d 46 (3d Cir. 1993).

In *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440 (2003), the Supreme Court established a six-factor test for determining the employment status of a shareholder-director of a corporation.  *See Mariotti v. Mariotti Bldg. Prods., Inc.*, 714 F.3d 761, 763 (3d Cir. 2013).  This test sets forth six factors to be considered when determining "whether an individual acts independently and participates in managing the organization, or whether the individual is subject to the organization's control." *Clackamas*, 538 U.S. at 449–50.  Whether Chet Leech, as president, may be considered an employee "'depends on all of the incidents of the relationship with no one factor being decisive.'" *Mariotti*, 714 F.3d. at 767 (quoting *Clackamas*, 538 U.S. at 451). Most important in this determination – and the matters that the six factors are meant to address – are  the corporate officer and shareholder's degree of control and the source of his authority to control. *Id*. at 767-68 (citing *Smith v. Castaways Family Diner*, 453 F.3d 971, 983-84 (7th Cir. 2006)).  Citing *Lattanzio v. Sec. Nat. Bank*, 825 F.Supp. 86 (E.D. Pa. 1993), Ms. Tito contends that Mr. Leech is an employee because he is involved in the day-to-day operations of Davis Archway and receives a salary.   However, *Lattanzio* predates *Clackamas*, and the salary and day-to-day components do not factor into this Court's analysis of whether Mr. Leech was an employee under *Clackamas*.

The first *Clackamas* factor asks "[w]hether the organization can hire or fire the individual or set the rules and regulations of the individual's work."  538 U.S. at 449. Mr. Leech has asserted that Davis Archway does not have the authority to hire or fire him or set the rules and regulations of his work.  (ECF No. 33-3 at ¶ 4).  Ms. Tito has not presented any affirmative

evidence to dispute Mr. Leech's assertions. Therefore, the first *Clackamas* factor weighs in Davis Archway's favor.

The second *Clackamas* factor asks "[w]hether and, if so, to what extent the organization supervises the individual's work." 538 U.S. at 450. Mr. Leech has asserted that Davis Archway does not supervise his work. (ECF No. 33-3 at ¶ 5). Ms. Tito has not presented any affirmative evidence to dispute Mr. Leech's assertions. Therefore, the second *Clackamas* factor weighs in Davis Archway's favor.

The third *Clackamas* factor asks "[w]hether the individual reports to someone higher in the organization." 538 U.S. at 450. Mr. Leech has asserted that he does not report to anyone at Davis Archway. (ECF No. 33-3 at ¶ 6). Ms. Tito has not presented any affirmative evidence to dispute Mr. Leech's assertions. Therefore, the third *Clackamas* factor weighs in Davis Archway's favor.

The fourth *Clackamas* factor asks "[w]hether and, if so, to what extent the individual is able to influence the organization. " 538 U.S. at 450. Mr. Leech has asserted that he has "full discretion to make decisions regarding Davis Archway." (ECF No. 33-3 at ¶ 7). Ms. Tito has not presented any affirmative evidence to dispute Mr. Leech's assertions. Therefore, the fourth *Clackamas* factor weighs in Davis Archway's favor.

The fifth *Clackamas* factor asks "[w]hether the parties intended that the individual be an employee, as expressed in written agreements or contracts. " 538 U.S. at 450. Mr. Leech has asserted that he "[does] not have a contract or any other written agreement regarding [his] work" at Davis Archway. (ECF No. 33-3 at ¶ 9). Ms. Tito has not presented any affirmative evidence to dispute Mr. Leech's assertions. Therefore, the fifth *Clackamas* factor weighs in Davis Archway's favor.

The sixth *Clackamas* factor asks "[w]hether the individual shares in the profits, losses, and liabilities of the organization." 538 U.S. at 450. Mr. Leech has asserted that he "own[s] all stock in Davis Archway and shares in the profits, losses and liabilities of the company." (ECF No. 33-3 at ¶ 2). Ms. Tito has not presented any affirmative evidence to dispute Mr. Leech's assertions. Therefore, the sixth *Clackamas* factor weighs in Davis Archway's favor.

With all six *Clackamas* factors weighing in favor of Davis Archway, this Court finds that, because there are no disputed underlying facts, Chet Leech is not an employee under the ADEA. Ms. Tito has not presented any affirmative evidence to defeat Davis Archway's factual support for its motion for summary judgment. *See Anderson*, 477 U.S. at 257. Thus, there are no genuine issues of material fact that would preclude entry of judgment as a matter of law that Mr. Leech is not an employee of Davis Archway. Therefore, without Mr. Leech as an employee for purposes of reaching twenty (20) employees during the relevant time period, the ADEA would not apply in this matter. Accordingly, Ms. Tito may not maintain an ADEA claim.

IV.   Conclusion

Upon review of the foregoing, Davis Archway's Motion for Partial Summary Judgment will be granted. Ms. Tito's ADEA claim will be dismissed. A separate order will follow.

DATED this 4th day of March, 2021.

BY THE COURT:

*[signature]*

MARILYN J. HORAN
United States District Judge